O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE BATES, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL NUTRITION CENTERS, INC. et al.,<br><br>    Defendants. | Case No. 2:12-cv-1336-ODW(AJWx)<br><br>**ORDER RE MOTION TO DISMISS [36]** |

Pending before the Court is Defendants' Motion To Dismiss. (ECF No. 36.) Defendants' Motion is **GRANTED-IN-PART**.[1]  Further, upon sua sponte review of Plaintiff's Complaint, the Court finds that it lacks subject-matter jurisdiction and must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction exists in civil cases involving a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

### A. Federal-question jurisdiction: the Magnuson-Moss Warranty Act

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of a federal defense. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

For federal-question jurisdiction, Plaintiff brings one claim under the Magnuson-Moss Warranty Act, alleging that Defendants breached their written warranties by stating that Defendants' C-4 Extreme dietary supplement contains DMAA and claimed it as a component of geranium. (CAC ¶¶ 102–103.) Defendants argue in their Motion that the Magnuson-Moss Warranty Act claim is inapplicable here. (Mot. 22.)

The Magnuson-Moss Warranty Act applies to written warranties on consumer products. 15 U.S.C. §§ 2301–2312. But the Magnuson-Moss Warranty Act is limited, because it is "inapplicable to any written warranty the making or content of which is otherwise governed by Federal law." 15 U.S.C. § 2311(d).

Defendants are correct that the Magnuson-Moss Warranty Act claim should be dismissed because the Food, Drug, and Cosmetic Act governs written warranties on the labeling of dietary supplements. (Mot. 22.) Other courts have followed the same language from the Magnuson-Moss Warranty Act and dismissed such claims relating to the labeling of products that the Food, Drug, and Cosmetic Act regulates. *Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, 797 (2002) (finding the Magnuson-Moss Warranty Act inapplicable because the Food, Drug, and Cosmetic Act governs the labeling of drugs); *Hairston v. South Beach Beverage Co.*, No. CV 12-1429-JFW (DTBx), 2012 WL 1893818, *5 (C.D. Cal. May 18, 2012) (dismissing the Magnuson-Moss Warranty Act claim because the Food, Drug, and Cosmetic Act regulates the labeling of beverages).

This case deals with the labeling of Defendants' C-4 Extreme dietary supplement. It matters not whether C-4 Extreme should be classified as a food, dietary supplement, or drug—the Food, Drug, and Cosmetic Act labeling regulations apply for all three classifications. 22 U.S.C. § 343. Thus, Plaintiff cannot state a claim for under the Magnuson-Moss Warranty Act. Accordingly, Defendants' Motion as to this claim is **GRANTED**.

## B. Diversity jurisdiction

Diversity jurisdiction exists for all suits, including class-action suits, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). But multiple plaintiffs may not aggregate their claims against defendants—to reach the $75,000 threshold—unless they have a single title or right in a common and undivided interest. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 943–44 (9th Cir. 2001).

Alternatively, plaintiffs may establish diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Under CAFA, diversity jurisdiction exists in "mass action" suits so long as the following requirements are met: (1) 100 or more plaintiffs; (2) common questions of law or fact between plaintiffs' claims; (3) minimal diversity, where at least one plaintiff is diverse from one defendant; (4) aggregated claims in excess of $5 million; and (5) at least one plaintiff's claim exceeding $75,000. 28 U.S.C. § 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

In this class action, Plaintiff properly alleges complete diversity under § 1332(a), but fails to allege that the amount in controversy (per class member) exceeds $75,000.[2] Plaintiff states that the aggregate amount in controversy "exceeds $5,000,000." (FAC ¶ 5.) But this does not suffice—class members still must show that their individual claims exceed $75,000. *Gibson*, 261 F.3d at 943–44. In situations like this where plaintiffs do not state specific, individual amounts in

---

[2] Plaintiff is a citizen of California; and Defendants are citizens of New York, Delaware, and Texas. (CAC ¶ 6.)

damages, the Court determines under the preponderance-of-evidence standard whether the jurisdictional amount is satisfied. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007).

Examining the Complaint, the Court finds no evidence suggesting that any class member would be entitled to more than $75,000 in damages. This class-action suit is for deceptive business and marketing practices against Defendants in connection with their C-4 Extreme dietary supplement. Defendants sold C-4 Extreme in 30-dose bottles for $29.99. (CAC ¶ 25.) The Complaint fails to state—rightly so—that Plaintiff (or class members) have individually suffered damages in excess of $75,000; the Court sees no reason how they could. Based on the sale price of C-4 Extreme and Plaintiff's allegations, the Court finds that no class member's (including the Plaintiff) claim—not just under a preponderance, but with legal certainty—could possibly exceed $75,000. Accordingly, as a regular class-action suit, there is no diversity jurisdiction here under § 1332(a).

But Plaintiff also alleges that this is a CAFA mass action under § 1332(d), because it involves more than 100 plaintiffs and over $5 million in aggregated damages. (CAC ¶ 5.) Plaintiff also satisfies the minimal-diversity requirement. (FAC ¶¶ 6–7.)

Yet, under Ninth Circuit law, individual plaintiffs must still meet the $75,000 amount-in-controversy requirement in a CAFA mass action: "'*jurisdiction* shall *exist* only over those plaintiffs whose claims in a mass action satisfy the [in excess of $75,000] jurisdictional amount.'" *Abrego*, 443 F.3d at 687 (alteration in original) (citing 28 U.S.C. § 1332(d)(11)(B)(i)). While it is unclear whether each individual plaintiff in a mass action has to meet the $75,000 amount-in-controversy requirement, it is clear that at least one plaintiff must meet that requirement. *Id.* at 689 ("We do conclude . . . that the case cannot go forward unless there is *at least* one plaintiff whose claims can remain in federal court."). And as discussed above, Plaintiff's and the class members' individual claims could not possibly exceed $75,000.

To be clear, the Court is unaware of any binding authority that applies the $75,000 amount-in-controversy requirement to plaintiffs in a mass action originating in federal court, as opposed to on removal. *Abrego* and its progeny deal only with cases removed from state court—it may be argued that the curious CAFA statute should be construed to mean that the $75,000 amount-in-controversy requirement applies only to cases removed from state court, and not to cases originally filed in federal court. 28 U.S.C. § 1332(d)(11)(A) ("For purposes of this subsection . . . a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.").

But this Court finds it illogical that the amount-in-controversy requirement for removal would be different (and more strict) than for a case originating in federal court. The Court is aware of one Court of Appeals case that makes the same conclusion, holding that the $75,000 amount-in-controversy requirement equally applies to actions removed from state court and actions originally filed in federal court. *Cappuccitti v. DirecTV, Inc.*, 611 F.3d 1252, 1256–57 (11th Cir. 2010.) But the Eleventh Circuit later vacated this opinion and held that there is no $75,000 requirement for CAFA diversity jurisdiction—for cases removed from state court and cases originating in federal court. *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. 2010).

The Ninth Circuit, however, has maintained its $75,000 amount-in-controversy requirement in *Abrego*, but has not explicitly held that this requirement also applies to actions originating in federal court. Nevertheless, it is this Court's position that so long as the Ninth Circuit's *Abrego* opinion stands, it is bound to follow the $75,000 amount-in-controversy requirement, both for cases removed from state court and cases originating in federal court.

## C.  Conclusion

Defendants' Motion is **GRANTED-IN-PART** as to Plaintiff's Magnuson-Moss Warranty Act claim—this claim is **DISMISSED WITH PREJUDICE**. And based

on the discussion above, Plaintiff fails to establish diversity jurisdiction for the remaining non-federal-question claims.  Thus, this case is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 12, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**